UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOSEPH KNAUSS,                                   :
        Plaintiff,                                   :
                                                 :
v.                                               :    No. 2:19-cv-03122
                                                 :
C. HALEY JENKINS,                                :
        Defendant.                                   :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                        **February 11, 2022**
**United States District Judge**

I.        **INTRODUCTION**

        On July 17, 2019, Plaintiff Joseph Knauss initiated this action pursuant to 42 U.S.C. § 1983 alleging that while incarcerated at SCI- Phoenix, he was assaulted by Defendant C. Haley Jenkins, who was a psychiatric worker in charge of his housing unit. Knauss subsequently filed an amended complaint and documents supporting his application for leave to proceed *in forma pauperis*. On August 6, 2019, the court granted Knauss leave to proceed *in forma pauperis* and appointed the Clerk of Court to serve a written waiver request on Jenkins and, if a signed waiver was not returned, to issue summons and transmit the summons and a copy of the pleadings to the U.S. Marshals Service for immediate service. The docket reflects that the Clerk's office issued summons as to Jenkins and forwarded it to the U.S. Marshal on September 17, 2019. Between September 2019 and April 2021, Knauss sent numerous letters inquiring as to the status of his

case and updating the court on any change of address.[1]  The last notice of change of address Knauss filed was in February 2021, listing SCI- Greene as his place of confinement.

In August 2021, the case was reassigned to the Undersigned.  A copy of the reassignment order was mailed to Knauss at SCI- Greene, but returned undelivered because Knauss was paroled on April 20, 2021.  On September 20, 2021, this Court contacted the U.S. Marshal's office about service on Jenkins and was advised that despite the docket notation that the Clerk's office had forwarded summons to the U.S. Marshal in 2019, the U.S. Marshal's office had no record of ever having received the above-captioned case.

On October 4, 2021, this Court issued an Order directing Knauss to notify the court whether or not he intended to pursue this action and, also, to update the court with his current address, no later than November 4, 2021.  The Order warned Knauss that if he failed to timely comply, "this action may be dismissed, without further notice, for failure to prosecute and comply with a court order" pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  This Order was sent to Knauss at six possible addresses.[2]  Four copies of the Order have been returned as undeliverable.  To date, there has been no response from Knauss.  After balancing the *Poulis* factors, the action is dismissed.

---

[1]  The Local Rules provide that any party appearing pro se, such as Knauss, must "notify the Clerk within fourteen (14) days of any change of address." *See* E.D. Pa. Local Rule 5.1(b). Knauss was specifically advised of this Rule when he filed the above-captioned action in 2019.

[2]  Given the history of the case, this Court tried to locate Knauss by conducting an inmate search in the state and federal inmate locator systems, by contacting state parole, on which Knauss was no longer serving, and by conducting other person locator searches to find a current address.  The Court located five possible residential addresses for Knauss and directed the Clerk of Court to mail a copy of the show cause order to Knauss at each address, as well as to his last known address at SCI-Greene.

## II. LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

## III. ANALYSIS

The first *Poulis* factor weighs in favor of dismissal of the above-captioned case because as a pro se litigant, Knauss is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor also weighs in favor of dismissal because Knauss's complete failure to litigate this action frustrates and delays its resolution. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").

As to the third factor, Knauss has a history of dilatoriness of approximately ten months. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."). There has been no contact from Knauss since April 2021. The same month, Knauss

was paroled.  To date, he has not advised this Court of his new address despite clearly being aware of his obligation to do so as evidenced by his prior address changes.  Knauss has also failed to respond to the show cause order issued more than four months ago.  Accordingly, this factor weighs in favor of dismissal.

Regarding the fourth factor, because this Court has no explanation for Knauss's dilatoriness, it is unable to determine whether his conduct is in bad faith.  This factor is therefore neutral or weighs against dismissal.  *But see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single Poulis factor is dispositive" and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint").

Fifth, monetary sanctions are not an appropriate alternative to dismissal because of Knauss's financial status- he is proceeding *in forma pauperis*.  *See id.* (determining that sanctions are not an alternative sanction to a pro se litigant proceeding *in forma pauperis*).

Finally, this Court cannot determine whether there is any merit to Knauss's original claim against Haley because it involves an issue of fact.  However, since filing this case, Knauss has submitted numerous letters attempting to supplement his pleadings.[3]  The nonsensical content in these letters lessens the likelihood that Knauss's original claim has merit.  For example, Knauss alleges: "I believe the black and pink panthers are in a plot against me with everyone including staff at the prison and beyond."  *See* ECF No. 26.  Knauss has also attempted to add hundreds of additional defendants that apparently have no relation to this case.  These additional defendants include people such as "262 Angela Carr who when I was in 11th grade" [sic], "416 Kentucky

---

[3]    This Court observes that the supplemental pleadings appear to be untimely, but has no need at this time to decide this issue.

softball pitcher #7," and "421 Reese Witherspoon."  *See* ECF Nos. 37-42.  This factor is therefore neutral at best.

IV.     **CONCLUSION**

After weighing all the *Poulis* factors, the Court dismisses the above-captioned action for Knauss's failure to prosecute.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge